IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TPG GLOBAL, LLC, a limited liability company,<br><br>  Plaintiff,<br>v.<br><br>ADAM LEVINE, an individual.<br><br>  Defendant. | Civil Action No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, TPG Global, LLC the Plaintiff in the above styled cause, and makes and files this Original Complaint and would respectfully show the Court as follows:

### INTRODUCTION

1.      This action arises out of the improper taking and unlawful retention of confidential and proprietary information belonging to TPG Global, LLC (together with its affiliates and predecessors, "TPG" or the "Firm") by Adam Levine, a former TPG employee.

2.      Levine was hired as a member of TPG's public affairs group in January 2008.  In that role Levine had access to the Firm's most sensitive confidential and proprietary information and was required to enter into confidentiality agreements prohibiting the disclosure of such sensitive information.

3.      In late December 2014, Levine was terminated from employment with TPG.  Upon his termination, Levine was required to return all TPG property, including any of TPG's confidential and proprietary information in custody or control, as well as his TPG-issued laptop computer and Blackberry device.  Despite multiple written requests, Levine has refused to return the unlawfully retained materials, even though he is obligated by contract and applicable law to do so.

4.      Accordingly, TPG is entitled to an order:  (1) requiring Levine to return all TPG property, including confidential and proprietary information, and his Firm-owned electronic devices, as well as all TPG confidential and proprietary information existing on his personal devices and/or storage media; (2) enjoining Levine from using, disclosing, or exploiting TPG's confidential and proprietary information; and (3) ordering Levine to preserve, and not to delete, destroy, conceal or otherwise alter, any paper or electronic files or other data of TPG.  In addition, TPG is entitled to recover the damages it has suffered, and will continue to suffer, as a result of Levine's misconduct.

## PARTIES

5.      Plaintiff TPG Global, LLC, is a leading global private investment firm with headquarters in Fort Worth, Texas, located at 301 Commerce Street, Suite 3300, Fort Worth, Texas 76102.

6.      On information and belief, defendant Adam Levine is citizen of the State of California and resides at Millennium Tower, 301 Mission Street, Apt. 3F, San Francisco, California 94105.

## JURISDICTION AND VENUE

7.      This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1).   The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

8.      Venue is proper in the Northern District of Texas (Fort Worth Division) because a substantial part of property that is the subject of this action was situated on computer servers located in Fort Worth, Texas.   Additionally, TPG is headquartered in Fort Worth and suffered the damages it complains of in Fort Worth.   A Texas jury has an interest in remedying this injury to a Texas resident.

## FACTUAL BACKGROUND

### Levine's Confidentially Obligations to TPG

9.      In or about January 2008, TPG hired Levine as a member of the Firm's public affairs team.   Levine was responsible for, among other things, helping to coordinate TPG's responses to public relations inquiries and issues.   In that role, Levine occupied a position of trust and confidence that afforded him access to sensitive non-public, confidential, and proprietary information about TPG and its business and operations, including its strategic planning.

10.     As part of his employment at TPG, Levine entered into several agreements that were intended to protect the confidential financial and business information of TPG and its investors.

11.    On January 2, 2008, Levine entered into a Confidentiality Agreement (the "Confidentiality Agreement") pursuant to which he agreed not to disclose certain "Confidential Information," defined as:

> [N]onpublic and proprietary information concerning the business and operations of TPG; it affiliates, related persons and entities; the investment funds managed by TPG; the investors in such investment funds; the portfolio companies of such investment funds; and certain information provided to TPG by third-parties.

12.    Levine explicitly and unambiguously agreed to "hold Confidential Information in strict confidence and [not] disclose to any person or entity any Confidential Information in any matter whatsoever" and upon the written request of TPG, to "promptly return to TPG all documents, notes and other tangible materials representing the Confidential Information and all electronic and hard copies thereof."

13.    In addition, Levine agreed that any breach of the Confidentiality Agreement would result in irreparable harm to TPG and that TPG therefore was entitled to obtain injunctive and other equitable relief in order to protect its confidential information.

14.    Levine also agreed to maintain the confidentiality of electronic devices that he was provided by TPG, and to return those devices to TPG upon request. Supplementing the provisions of the Confidentiality Agreement, Levine also executed an Employment Use Agreement, dated February 6, 2014 (the "Mobile Device Agreement"), which restricted Levine's use of those devices and required them to be returned to TPG upon request.

15.     Levine also agreed be bound by TPG's Acceptable Use Policy, which restricted Levine's use of Firm information resources and systems for TPG business purposes and barred him from using TPG systems to view information or download information that he was not authorized to access.

16.     Levine was further bound by various confidentiality obligations set forth in the policies and procedures contained in the Firm's Employee Handbook.

**Levine's Taking of TPG's Confidential Information**

17.     In December 2014, Levine surreptitiously began removing confidential documents and information from TPG's offices and systems.  These materials had no connection to any of Levine's then current work.

18.     Levine visited TPG's San Francisco office at odd, non-work hours, including Christmas Eve and Christmas Day, for the sole purpose of secretly accessing TPG documents and materials, which contained confidential and commercially sensitive information.

19.     TPG's records indicate that during these times that Levine was in the office, he was also logging onto TPG's computer system and improperly downloading to his laptop numerous electronic files containing TPG's confidential and proprietary information.

**Levine's Termination from TPG**

20.     On December 31, 2014, TPG sent a letter notifying Levine that his employment with TPG had been terminated, effective immediately, as a result of his

breaches of the terms of his employment, including his confidentiality obligations, among other things.

21.    TPG also demanded that Levine promptly return all TPG materials, including any of TPG's confidential or proprietary information in his custody and control as well as his TPG-owned laptop, Blackberry device, and any other electronic devices.

22.    Levine has not returned any materials to TPG, and as of the filing of this complaint, Levine remains in possession of materials that he took from TPG's offices as well as his Firm-owned laptop computer and Blackberry device.

23.    Absent intervention from this Court, TPG believes that Levine will disclose TPG's confidential and proprietary information to third parties, which will cause substantial harm to TPG and its business, including harm to its reputation, investor confidence, and goodwill.

## CLAIM 1: BREACHES OF CONTRACT

24.    TPG repeats and realleges the allegations of paragraphs 1 through 23 as if set forth fully herein.

25.    On January 1, 2008, TPG and Levine entered into the Confidentiality Agreement.

26.    On February 6, 2014, TPG and Levine entered into the Mobile Device Agreement.

27.     The Confidentiality Agreement and Mobile Device Agreement are valid, binding and enforceable contracts between TPG and Levine.

28.     TPG has performed, and continues to perform, all conditions, duties, obligations and promises required on its part to be performed in accordance with the terms and conditions of the Confidentiality Agreement and Mobile Device Agreement.

29.     The Confidentiality Agreement binds Levine to hold all of TPG's confidential information in strict confidence and not to disclose that information to any person or entity in any matter whatsoever, and requires Levine to promptly return to TPG all documents, notes, and other tangible materials representing the confidential information and all electronic and hard copies thereof, upon the written request of TPG.

30.     The Mobile Device Agreement, requires Levine to deliver to TPG his mobile devices, including, but not limited to, his Firm-owned laptop computer and Blackberry device, immediately upon request from TPG.

31.     Levine breached his obligations under the Confidentiality Agreement by improperly taking confidential TPG documents and communications from TPG and by failing to return TPG's confidential and proprietary information upon request.

32.     Levine breached his obligation under the Mobile Device Agreement by failing to return his mobile devices to TPG immediately upon request.

33.     As a direct and proximate result of Levine's breaches of the Confidentiality Agreement and Mobile Device Agreement, TPG has suffered substantial harm, of an amount that will be determined at trial.

## CLAIM 2: INJUNCTIVE RELIEF AND SPECIFIC PERFORMANCE

34.     TPG repeats and realleges the allegations in paragraphs 1 through 23, as if fully set forth herein.

35.     As set forth in the First Cause of Action supra, Levine has breached his obligations under the Confidentiality Agreement and the Mobile Device Agreement by retaining TPG's confidential information and mobile devices in his possession after being terminated by TPG.  There is a strong likelihood that TPG will succeed on its claims for breach of contract.

36.     Levine's breaches of contract have caused, and continue to cause, TPG injury including, without limitation, irreparable harm for which there is no adequate remedy at law.  In Section 6 of the Confidentiality Agreement, the parties expressly agreed that breaches of that agreement would result in irreparable damage justifying the granting of injunctive relief.

37.     There is no adequate remedy at law to compensate TPG for the irreparable harm to its reputation, investor confidence, and goodwill it will suffer if Levine discloses TPG's confidential information.

38.     These harms to TPG would be resolved if the Court were to issue injunctive relief and order Levine to specifically perform his obligations under the Confidentiality Agreement and Mobile Devices Agreement to return all confidential information and mobile devices in his possession.

39.     The balance of equities strongly favors issuing injunctive relief in favor of TPG as Levine will suffer no hardship from being ordered to comply with his existing contractual obligations by returning TPG's property.

## CLAIM 3: CONVERSION

40.     TPG repeats and realleges the allegations in paragraphs 1 through  23, as if fully set forth herein.

41.     Levine currently possesses TPG documents and communications, which contain confidential and commercially sensitive information, and a Firm-owned laptop computer and Blackberry device.

42.     On December 31, 2015, TPG sent a letter to Levine notifying him that his employment with TPG had been terminated, and requesting that Levine return all TPG property, including all documents and materials containing confidential information, to TPG by January 5, 2015.   TPG also requested that Levine return all of his electronic devices to TPG, including his Firm-owned laptop computer and Blackberry device by January 5 as well.

43.     Notwithstanding TPG's request, Levine has failed to return any such materials to TPG, and still possesses TPG's confidential information and mobile devices.

44.     Levine's actions were intentional, malicious, oppressive, or fraudulent, and give rise to liability for exemplary damages according to proof at trial.

45.     As remedies for Levine's conversion, TPG seeks compensatory and exemplary damages, a constructive trust over the converted materials, and an injunction requiring Levine to return the converted materials to TPG.

## JURY DEMAND

TPG demands a trial by jury.

## **PRAYER FOR RELIEF**

TPG prays that Levine be cited to appear and answer herein and that, upon a final

hearing or trial, TPG has and recover judgment from Levine as follows:

   a.   For an injunction requiring Levine to return all TPG property, including confidential and proprietary information, and his Firm-owned electronic devices, as well as all TPG confidential and proprietary information existing on his personal devices and/or storage media;

   b.   For an injunction permanently enjoining Levine from possessing, disclosing, using, or exploiting TPG's confidential and proprietary information;

   c.   For an injunction requiring Levine to preserve, and not to delete, destroy, conceal or otherwise alter, any paper or electronic files or other data of TPG;

   d.   Compensatory damages in an amount to be determined at trial, constituting its losses from Levine's misconduct;

   e.   Reasonable and necessary attorneys' fees;

   f.   Pre- and post-judgment interest at the maximum rate allowed by law;

   g.   All costs of suit; and

   h.   All such other and further relief, both general and special, at law or in equity, to which TPG may show itself justly to be entitled or as this Court may deem appropriate.

Dated: January 26, 2015

Respectfully submitted,

s/ *Marshall M. Searcy, Jr.*
Constantine Z. Pamphilis
State Bar No. 00794419
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
700 Louisiana Street, Suite 2200
Houston, TX 77002
Telephone:  (713) 220-8800
Facsimile:  (713) 222-0843
dpamphilis@kasowitz.com

ATTORNEY-IN-CHARGE
FOR PLAINTIFF TPG GLOBAL, LLC

Marc E. Kasowitz
*Pro Hac Vice* Application to be
Submitted
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone:  (212) 506-1700
Facsimile:  (212) 506-1800
mkasowitz@kasowitz.com

Marshall M. Searcy, Jr.
State Bar No. 17955500
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 878-3512
Fax: (817) 878-9280
marshall.searcy@kellyhart.com