

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TPG GLOBAL, LLC, a limited liability company, | § § § § | |
| Plaintiff, | § § | NO. 4:15-CV-00059-A |
| v. | § § | |
| ADAM LEVINE, an individual, | § § § | |
| Defendant. | | |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION
TO DISMISS FOR WANT OF JURISDICTION**

Defendant Adam Levine moves the Court to dismiss this case because the plaintiff has not alleged—and cannot allege—facts supporting complete diversity of the parties or personal jurisdiction over Levine.

Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. section 1332(a)(1). The Amended Complaint correctly alleges that Levine is a citizen of California. Amended Complaint at ¶ 7. But it fails to identify the members of plaintiff TPG Global LLC, much less its members' citizenship. The Amended Complaint thus fails to allege a basis for this Court's jurisdiction under 28 U.S.C. section 1331(a)(1). Moreover, plaintiff is not a party to the contracts it seeks to enforce, and the TPG entity that is a contracting party shares California citizenship with Levine. As shown in more detail below, the Court should therefore dismiss this action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

In addition, the Amended Complaint alleges no facts that would allow Levine to be hailed into a Texas court consistent with due process. It does not allege continuous and systematic contacts with Texas that could give rise to general jurisdiction. And it does not allege that Levine

purposefully performed any act or consummated a transaction in Texas that gives rise to plaintiff's causes of action. The Court should therefore dismiss this action pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

## ARGUMENT AND AUTHORITIES

### I. Plaintiff's allegations do not establish subject matter jurisdiction.

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). To establish diversity jurisdiction under section 1331(a)(1), the plaintiff must allege—and if challenged, prove—the citizenship of each party. *See, e.g., McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975).

#### A. Plaintiff has failed to allege its own citizenship.

As a limited liability company, plaintiff's citizenship is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). In its Amended Complaint, therefore, plaintiff was required to identify all members of TPG Global, LLC and to plead the citizenship of each member. To the extent any member is itself a limited liability entity, plaintiff had also had the burden of identifying and pleading the citizenship of each of that entity's members, and so on. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Management, LLC*, 692 F.3d 42, 49, 51 (2d Cir. 2012).

But plaintiff did not identify its members or allege their citizenship. It merely alleged that TPG Global LLC "is incorporated in Delaware and headquartered in Fort Worth." Amended Complaint at ¶ 6. This allegation is inadequate as a matter of law to establish the citizenship of a limited liability corporation. Plaintiff's failure to allege its citizenship in compliance with *Harvey* and *Bayerische Landesbank* defeats its effort to invoke subject matter jurisdiction in this Court.

### B. Plaintiff's filings negate standing and establish that the proper plaintiff shares California citizenship with Levine.

Plaintiff fails to allege that it is a party to the contracts it seeks to enforce. By attaching them to its Appendix in Support of Preliminary Injunction (Doc. 12), however, plaintiff has affirmatively established that it is not a party to those contracts. The contracts submitted by plaintiff are between Levine and TGP Capital L.P., not TPG Global LLC. Plaintiff's own filings thus indicate that it lacks standing.

Like an LLC, a limited partnership is a citizen of each state in which one of its partners is a citizen. *Carden v. Arkoma Associates*, 494 U.S. 185, 196-97 (1990). The contracting party—TPG Capital L.P.—is a citizen of California, because one of its founding partners and current managing partner, James Coulter, is a California citizen.[1] Because the parties to the contracts at issue share California citizenship, and because no federal question is alleged, this Court lacks subject matter jurisdiction and should dismiss the case under Rule 12(b)(1).

## II. Plaintiff's allegations do not establish personal jurisdiction over Levine.

As plaintiff alleges, Levine is a resident and citizen of California. Plaintiff bears the burden of establishing that this Texas Court has personal jurisdiction over him. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). Because the Texas long-arm statute reaches to the limits of due process, this question turns on whether asserting jurisdiction over Levine is consistent with the Constitution. *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 n.1 (5th Cir. 2007); *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990).

To satisfy due process, plaintiff must show that Levine has minimum contacts with Texas resulting from his own affirmative acts and that exercising jurisdiction over Levine does not

---

[1] On information and belief, Coulter is also a member of TPG Global LLC, either directly or indirectly, further destroying diversity between the named plaintiff and defendant.

offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

The minimum contacts prong of the due process requirement requires a showing of either "specific" or "general" jurisdiction. *Bullion*, 895 F.2d at 216. General jurisdiction may be exercised only if the Amended Complaint alleges that Levine had sufficiently continuous and systematic contacts with Texas as to support the reasonable exercise of jurisdiction regardless of the nature of the dispute. *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 (1984). General jurisdiction requires a showing of substantial activities within the forum state. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir.1992). For specific jurisdiction, Levine must have purposefully done some act or consummated some transaction in Texas, and the cause of action must arise from or be connected with such act or transaction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

### A. Plaintiff has failed to allege facts that would support general jurisdiction over Levine.

The Amended Complaint does not allege, directly or indirectly, that Levine had continuous and systematic contacts with the state of Texas. It does not allege that Levine ever lived in Texas, worked here, owned property here, maintained a bank account here, or conducted any other kind of substantial activities in Texas. The Amended Complaint, therefore, comes nowhere close to supporting assertion of general jurisdiction in this state.

### B. Plaintiff has failed to allege facts that would support specific jurisdiction over Levine.

In plaintiff's own words, "[t]his action arises out of blatant misuse and unlawful retention of confidential and proprietary information belonging to TPG Global, LLC." Amended Complaint at ¶ 1. Although Levine denies plaintiff's allegations, which are both fictitious and

vindictive, the Court takes them as true for the limited purpose of this motion. The question for specific jurisdiction, therefore, is whether the amended Complaint alleges that Levine purposefully performed these alleged acts—blatant misuse and unlawful retention of confidential and proprietary information—*in Texas*. Careful review of all supporting factual allegations reveals that the answer is no.

In paragraph 2 of its Amended Complaint, plaintiff alleges that Levine was hired in 2007. As plaintiff effectively admits in paragraph 24, however, Levine worked for TPG entities in San Francisco, California, not in Texas.

In paragraphs 3 and 4, plaintiff alleges that Levine made threats, disclosed information, and refused to return property. But plaintiff does not allege that Levine performed any of these acts in Texas.

In paragraphs 18-22, plaintiff alleges that Levine made threats against other TPG employees, both by speaking and by typing email messages. But plaintiff does not allege that Levine made any of these threats in Texas.

In paragraphs 23-25, plaintiff alleges that Levine took certain confidential information from TPG's offices. But plaintiff does not allege that Levine was in Texas when he did so. In fact, paragraph 24 specifically alleges that Levine was in "TPG's San Francisco office."

In paragraphs 26-30, plaintiff alleges that Levine disclosed unidentified confidential information to the New York Times and other media outlets. But plaintiff does not allege that Levine performed such disclosure in Texas.

Finally, in paragraph 33, plaintiff alleges that Levine has refused to honor valid requests for the return of his laptop and Blackberry and is attempting to extort millions of dollars in exchange for this physical property. But plaintiff does not allege that Levine is secreting the computer or Blackberry in Texas or that any alleged extortion attempt is taking place here.

Thus, plaintiff's allegations—false as they are—do not establish a constitutionally-permissible basis for asserting personal jurisdiction over Levine in the state of Texas. Plaintiff identifies no basis for general jurisdiction and complains of acts that Levine allegedly committed in California, not Texas. Therefore, the Court should dismiss this action under Rule 12(b)(2).

## PRAYER

Defendant Levine therefore prays that the Court dismiss this case and award him such further relief to which he may be entitled.

Respectfully submitted,

By: /s/ Joseph R. Knight
Joseph R. Knight
Texas Bar No. 11601275
Law Office of Joseph R. Knight
111 Congress Ave., Suite 2800
Austin, Texas 78701
Telephone: (512) 457-0231
Fax: (512) 684-7681
Email: jknight@knighttxlaw.com

James W. Morris, Jr.
Texas Bar No. 14487600
MORRIS, SCHORSCH & STAPLETON PC
8080 N. Central Expressway, Suite 1300
Dallas, TX 75206
Telephone: (214) 888-3324
Fax: (214) 888-3327
Email: jmorris@msstxlaw.com

**ATTORNEYS FOR DEFENDANT ADAM LEVINE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by email and U.S. Mail on the following counsel of record on this 2nd day of April, 2015

>Constantine Z. Pamphilis
>KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
>700 Louisiana Street, Suite 2200
>Houston, Texas 77002
>dpamphilis@kasowitz.com
>
>Marc E. Kasowitz
>KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
>1633 Broadway
>New York, NY 10019
>mkasowitz@kasowitz.com
>
>MARSHALL M. Searcy, Jr.
>KELLY HART & HALLMAN LLP
>201 Main Street, Suite 2500
>Fort Worth, Texas 76102
>marshall.searcy@kellyhart.com

/s/ James W. Morris, Jr.
James W. Morris, Jr.