

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TPG GLOBAL, LLC, a limited liability company, | § § § § | |
| Plaintiff, | § § | NO. 4:15-CV-00059-A |
| v. | § § | |
| ADAM LEVINE, an individual, | § § | |
| Defendant. | § | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO VACATE, FOR LACK OF SUBJECT MATTER JURISDICTON, ORDER GRANTING LEAVE TO AMEND

Plaintiff failed to invoke this Court's power to grant its Unopposed Motion for Leave to File Second Amended Complaint (Dkt. 21). Although Defendant Levine did not oppose Plaintiff's request for an opportunity to replead, having now received and reviewed the Second Amended Complaint, Levine realizes that subject matter jurisdiction is lacking. Because jurisdictional defects—as opposed to inadequately pleaded jurisdictional facts—cannot be cured by amendment, and because this issue of judicial authority cannot be waived, Levine asks the Court to vacate the order granting leave (Dkt. 22). Further, because Plaintiff never established that the Court had jurisdiction over the First Amended Complaint, Levine's pending Motion to Dismiss for Want of Jurisdiction (Dkt.19) should be granted.

### ARGUMENT AND AUTHORITIES

**I. Plaintiff jettisoned its prior theory of subject matter jurisdiction.**

In its First Amended Complaint, Plaintiff invoked the Court's jurisdiction solely under 28 U.S.C. section 1332(a)(1). Dkt. 5 at ¶ 8. Levine moved to dismiss that Complaint on the ground that Plaintiff failed to establish complete diversity of the parties because it did not

allege its own citizenship in accordance with *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Dkt. 19, 20.

Rather than attempt to cure this defect, Plaintiff's Second Amended Complaint abandons entirely its assertion of diversity jurisdiction. In fact, Plaintiff has added numerous limited partnerships as additional plaintiffs and alleges that Levine is among their limited partners, thus affirmatively negating diversity under *Carden v. Arkoma Associates*, 494 U.S. 185, 196-97 (1990). Dkt. 21 at ¶ 21. Instead, Plaintiff now attempts to invoke the Court's jurisdiction solely under 28 U.S.C. section 1331. Dkt. 21 at ¶ 18. This attempt is based on a new cause of action under the Computer Fraud and Abuse Act, 18 U.S.C. section 1030. Because Plaintiff has effectively conceded that the Court never had subject matter jurisdiction over its First Amended Complaint, Plaintiff has not invoked the Court's power to grant leave to amend.

## II. Jurisdictional defects—as opposed to inadequately pleaded facts—cannot be cured by amendment.

Amendment of pleadings to cure jurisdictional problems is subject not only to Federal Rule of Civil Procedure 15, but also 28 U.S.C. section 1653. The Court of Appeals for the Fifth Circuit laid out the operative rules for such amendments in *Whitmire v. Victus Ltd.T/A Master Design Furniture*, 212 F.3d 885 (5th Cir. 2000). "[A] district court's power to authorize amendments to cure a competence problem under section 1653, and by extension under Rule 15(a), turns on the nature of the jurisdictional defect." *Id.* at 888 (quoting *Falise v. American Tobacco Co.*, 241 B.R. 63, 65 (E.D.N.Y.1999)). A court can remedy "inadequate jurisdictional allegations," but it cannot remedy defective jurisdictional facts." *Id.* (citations omitted).

"The danger against which a court must guard is that a party will attempt to use § 1653 to retroactively create subject matter jurisdiction." *Id.* (citing Moore et al., MOORE'S FEDERAL PRACTICE § 15.14[3], at 15-34 (3d ed. 1999)) ("Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction,

it may not be created by amendment."). "The cause for this concern is readily apparent: 'never having had power to act in the matter, the court never had authority to permit an amendment to the complaint.'" *Id.* (quoting *Falise*, 241 B.R. at 66). Examples of the kind of amendments that a court cannot allow include (i) attempts to add new claims to satisfy the amount in controversy requirement, (ii) attempts to establish jurisdiction by adding new parties, and (iii) attempts to add new causes of action to establish federal question jurisdiction. *Id.*

Numerous cases hold that a district court cannot allow an amendment that attempts to establish jurisdiction by asserting a new cause of action, as plaintiff is attempting here. *See, e.g., Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985) (court could not allow amendment where "the plaintiffs' motion to amend seeks not to remedy technically inadequate jurisdictional allegations, but rather to substitute new causes of action over which there would be jurisdiction"); *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272 (3rd Cir. 1998) (rejecting request for leave to amend because "we cannot permit State Farm to add a new claim to satisfy the amount in controversy because subject matter jurisdiction never actually existed over the present action"); *Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co.*, 700 F.2d 889, 893 (2nd Cir. 1983) (affirming denial of leave because plaintiff "seeks not to remedy inadequate jurisdictional allegations, but rather to substitute a new action over which there is jurisdiction for one where it did not exist").

Under the foregoing authorities, TPG cannot cure the defective assertion of diversity jurisdiction in its First Amended Complaint by asserting federal question jurisdiction based on a new cause of action its Second Amended Complaint. To avoid proceeding with a fatal jurisdictional defect, the Court should vacate its Order granting leave to amend and deny Plaintiff leave to file an amended pleading that relies exclusively on a new cause of action to

establish subject matter jurisdiction. Because Plaintiff never established the Court's jurisdiction over its First Amended Complaint, the Court should grant Levine's pending motion to dismiss.

### III. Plaintiff's remedy is a new lawsuit, not an amendment.

Plaintiff is not without a remedy. If it wishes to invoke the Court's federal question jurisdiction, it can plead its new cause of action as a counterclaim in federal court in California, where Levine has sued certain TPG entities on claims relating to his former employment, or Plaintiff can attempt to file a new lawsuit. But Plaintiff cannot obtain leave from this Court to amend claims over which Plaintiff has effectively admitted there is no federal jurisdiction.

### PRAYER

Defendant Levine therefore prays that the Court vacate its order on Plaintiff's Unopposed Motion for Leave to File Second Amended Complaint, deny leave, dismiss the First Amended Complaint, and award Levine such further relief to which he may be entitled.

Respectfully submitted,

Joseph R. Knight
Texas Bar No. 11601275
Law Office of Joseph R. Knight
111 Congress Ave., Suite 2800
Austin, Texas 78701
Telephone: (512) 457-0231
Fax: (512) 684-7681
Email: jknight@knighttxlaw.com

By: _____
James W. Morris, Jr.
Texas Bar No. 14487600
MORRIS, SCHORSCH & STAPLETON PC
8080 N. Central Expressway, Suite 1300
Dallas, TX 75206
Telephone: (214) 888-3324
Fax: (214) 888-3327
Email: jmorris@msstxlaw.com

**ATTORNEYS FOR DEFENDANT ADAM LEVINE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by email and U.S. Mail on the following counsel of record on this 22nd day of April, 2015

Constantine Z. Pamphilis
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
700 Louisiana Street, Suite 2200
Houston, Texas 77002
dpamphilis@kasowitz.com

Marc E. Kasowitz
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
mkasowitz@kasowitz.com

MARSHALL M. Searcy, Jr.
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
marshall.searcy@kellyhart.com

_____
James W. Morris, Jr.