U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 27 2015
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TPG GLOBAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-059-A |
| | § | |
| ADAM LEVINE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Came on for consideration the motion of defendant, Adam Levine, to vacate, for lack of subject matter jurisdiction, order granting leave to amend. The court, having considered the motion, the response, the reply, the record, and applicable authorities, finds that the motion should be denied.

On January 26, 2015, plaintiff, TPG Global, LLC, filed its original complaint against defendant. Two days later, on January 28, plaintiff filed its first amended complaint. Plaintiff sought and obtained leave to serve defendant by substituted service, as it appeared that defendant was evading service of process.

On April 2, 2015, defendant appeared by filing his motion to dismiss for want of jurisdiction, alleging that plaintiff had failed to properly allege the existence of diversity jurisdiction and additionally that the court lacked personal jurisdiction over him. In response, plaintiff filed a motion for leave to file a second amended complaint, which was represented to be unopposed.

The court granted the motion and the second amended complaint was filed.

Defendant now says that the order allowing the filing of the second amended complaint should be vacated and the action dismissed. However, defendant does not dispute that he was clearly apprised of the purpose of the second amended complaint and agreed to its filing. In the motion for leave to file, plaintiff stated that it sought to add a new claim for breach of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, which would confer federal question jurisdiction and moot the motion to dismiss based on lack of diversity jurisdiction and to add new factual allegations to support its claims.

Although the law is somewhat murky on the precise issue raised by defendant's motion, the Fifth Circuit appears to condone the amending of a complaint "that is defective because it does not allege a claim within the subject matter jurisdiction of a federal court" to "state a different claim over which the federal court has jurisdiction." See, e.g., Watkins v. Lujan, 922 F.2d 261, 264-65 (5th Cir. 1991); Sessions v. Rusk State Hosp., 648 F.2d 1066, 1070 (5th Cir. Unit A June 1981).

For the reasons discussed,

The court ORDERS that the motion to vacate be, and is hereby, denied.

SIGNED April 27, 2015.

_____
JOHN McBRYDE
United States District Judge