ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2015 MAY -1  PM 2: 58

CLERK OF COURT

|  |  |  |
|---|---|---|
| TPG GLOBAL, LLC, a limited liability company, et al. | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 4:15-CV-00059-A |
| ADAM LEVINE, an individual, | § § | |
| Defendant. | § § | |

## DEFENDANT'S MOTION
## TO DISMISS SECOND AMENDED COMPLAINT

Pursuant to Rules 8, 12(b)(6) and 12(b)(1), Defendant Adam Levine moves the

Court to dismiss Plaintiff's Second Amended Complaint because it fails to state a claim under

the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (CFAA) and because, absent a viable

claim under that statute, there is no basis for subject matter jurisdiction over the remaining

claims.

As shown in the accompanying brief, the CFAA is "primarily a criminal statute

designed to combat hacking." *WEC Carolina Energy Solutions LLC v. Miller*, 687 F.2d 199, 201

(4th Cir. 2012). While any violation of the Act constitutes a criminal offense, Congress

provided a civil cause of action for a limited subset of those offenses. 18 U.S.C. § 1030(g).

Plaintiff has attempted in its Second Amended Complaint to invoke the Court's jurisdiction

under 28 U.S.C. section 1331 by recasting its state-law employment claims as four or five

violations of the CFAA.

Paragraphs 87, 88, and 89 of the Second Amended Complaint recite the elements

of claims under sections 1030(a)(2)(C), 1030(a)(4), and 1030(a)(5)(C) of the CFAA,

respectively. But Plaintiff's allegations are inadequate to state claims under these provisions

because Plaintiff does not allege that Levine's access to TPG's computer system exceeded his authorization as that phrase is defined in the CFAA. *See* section I of accompanying brief.

Paragraph 90 of the Second Amended Complaint alleges for the first time that on some unidentified occasion Levine submitted unidentified "unauthorized expense reports," and it recites the elements of a claim under section 1030(a)(5)(A) of the CFAA. But Plaintiff's allegations are inadequate to state a claim under this provision because Plaintiff pleads no facts to show that Levine committed a "transmission" violation or intentionally caused "damage" as these terms are defined in the CFAA. *See* section II of accompanying brief.

Paragraph 92 of the Second Amended Complaint alleges that Levine knowingly caused damage to TPG's computer systems by deleting data from his laptop and Blackberry. It appears that Plaintiff has pleaded this allegation not to allege a separate violation of the CFAA, but merely to identify an element of damages being sought in connection with the other claimed offenses. If paragraph 92 is intended to assert a separate claim, however, Levine moves to dismiss it because it does not allege the required elements of any CFAA offense and because Plaintiff has not pleaded facts to show that the alleged destruction of data on remote devices constitutes "damage" as Congress defined that term in the CFAA. *See* section III of accompanying brief.

Independently, Levine moves to dismiss all of Plaintiff's CFAA claims for the additional reason that Plaintiff does not plausibly allege that it suffered the nature and threshold amount of "loss" that is required to pursue a civil action under the CFAA. *See* section IV of accompanying brief.

Plaintiff's attempt to plead claims under the CFAA is its only basis for invoking this Court's subject matter jurisdiction under 28 U.S.C. section 1331. If the Court dismisses the CFAA causes of action for failure to state a claim, Levine moves the Court to dismiss the

remaining state-law causes of action for lack of subject matter jurisdiction. This case is, and always has been, a routine employment dispute under state law.

**PRAYER**

Defendant Levine therefore prays that the Court dismiss this case and award him such further relief to which he may be entitled.

Respectfully submitted,

Joseph R. Knight
Texas Bar No. 11601275
Law Office of Joseph R. Knight
111 Congress Ave., Suite 2800
Austin, Texas 78701
Telephone: (512) 457-0231
Fax: (512) 684-7681
Email: jknight@knighttxlaw.com

By: _____
James W. Morris, Jr.
Texas Bar No. 14487600
MORRIS, SCHORSCH & STAPLETON PC
8080 N. Central Expressway, Suite 1300
Dallas, TX 75206
Telephone: (214) 888-3324
Fax: (214) 888-3327
Email: jmorris@msstxlaw.com

**ATTORNEYS FOR DEFENDANT ADAM LEVINE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by email and U.S. Mail on the following counsel of record on this 1st day of May, 2015:

Constantine Z. Pamphilis
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
700 Louisiana Street, Suite 2200
Houston, Texas 77002
dpamphilis@kasowitz.com

Marc E. Kasowitz
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
mkasowitz@kasowitz.com

MARSHALL M. Searcy, Jr.
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
marshall.searcy@kellyhart.com

James W. Morris, Jr.