


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TPG GLOBAL, LLC, a limited liability company, et al.<br><br>Plaintiffs,<br>v.<br><br>ADAM LEVINE, an individual.<br><br>Defendant. | Civil Action No. 4:15-CV-00059-A |

## JOINT STATUS REPORT

COME NOW, Plaintiffs TPG Global, LLC, as assignee of TPG Capital Management L.P. f/k/a TPG Capital, L.P., TPG VSC-A, L.P., TPG VSC-D, L.P., TSL Equity Partners, L.P., TOP Professionals II, L.P., TPG Management VI-A, L.P., TPG 2010 EPF, L.P., TPG EPF, L.P., TPG Regional Program, L.P., and Tarrant Advisors, Inc. (collectively, "TPG" or "Plaintiffs") and Defendant Adam Levine ("Levine" or "Defendant") and respectfully file this their Joint Status Report:

1. **A brief statement of the nature of the case, including the contentions of the parties**

    A. **Plaintiffs' Contentions:**

    Levine, a former TPG employee, caused TPG substantial damage through his unauthorized access to and disclosure of TPG's confidential and proprietary information when, following a failed effort to extort millions of dollars from TPG, Levine publicly disclosed such information in an attempt to cause TPG harm.

    As part of his employment with TPG, Levine entered into numerous employment-related agreements which restricted his access to and use of certain TPG confidential and proprietary documents, information, devices and computer systems, and further prohibited Levine from

318447

making any unauthorized disclosure of TPG's confidential information. Despite these restrictions, upon learning that he would not be elevated to a partnership position at TPG, Levine began making a series of escalating threats against TPG and its personnel, including that he would disclose sensitive and proprietary information to the media to cause TPG substantial harm. Levine improperly accessed TPG's computer systems and servers to secretly retrieve confidential and proprietary TPG documents and materials, many of which had no connection to any of Levine's then-current work. Levine accessed and downloaded these materials for the purpose of causing TPG harm damage in violation of his numerous employment agreements. Indeed, after refusing Levine's attempt to extort millions of dollars from TPG, TPG is aware of at least two incidents in which it believes Levine did indeed improperly disclose confidential information to the media. At the same time, Levine incurred and submitted unauthorized expense reports to TPG.

After TPG became aware of Levine's misconduct and unauthorized access of TPG's computer systems, TPG hired a third party to conduct a forensic examination of TPG's systems in response to Levine's offense and to assess the damage that he caused to TPG's computer systems.

Moreover, after his termination, Levine failed to return the confidential information in his possession—including his TPG-owned laptop and mobile device—for at least three months. Finally, on April 6, 2015—more than two months after this lawsuit was filed—TPG received a package containing Levine's TPG-owned laptop and Blackberry device. TPG had these items forensically analyzed, which revealed that—despite the unequivocal contractual prohibition against modifying or deleting any information on TPG-owned devices—the hard drive on the TPG-owned laptop had been tampered with and all of the data and information contained thereon

318447

had been destroyed. Additionally, the Blackberry device had been "reset," which destroyed all of the data and information contained on that device as well.

TPG contends that Levine's misconduct violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, and also breached multiple employment-related agreements between the parties. TPG is also asserting claims for conversion, breach of fiduciary duty, misappropriation of trade secrets and violation of the Texas Theft Liability Act. TPG seeks monetary damages as well as an injunction:

- Enjoining and restraining Levine from deleting, destroying, concealing, or otherwise altering, any paper or electronic files or other data of TPG;

- Requiring Levine to immediately return to TPG any and all TPG property still in his possession, custody or control, whether original, duplicated, computerized, handwritten, or in any other form whatsoever, including confidential and proprietary information,

- Enjoining and restraining Levine from possessing, disclosing, using, or exploiting TPG's confidential and proprietary information; and

- Requiring Levine to immediately identify anyone who is not currently employed by TPG to whom Levine has disclosed TPG's confidential and proprietary information.

### B. Defendant's Contentions:

Levine worked for TPG solely in San Francisco. When Levine reported that TPG was engaging in illegal and fraudulent conduct relating to misrepresentations and fraudulent charges to TPG investors, TPG fired Levine in violation of federal and California law. Knowing that Levine would seek redress for his damages, TPG filed this lawsuit for the ulterior motives of smearing Levine's reputation with false accusations and setting up an argument that Levine's California employment claims should be litigated in Texas.

Levine has honored his obligations to maintain the confidence of Plaintiffs' allegedly confidential information. Levine is not the source of information allegedly provided to reporters at the New York Times and Huffington Post as Plaintiffs allege.

318447

3

Nor did Levine access any of Plaintiffs' information for any improper purpose. Plaintiff does not allege that Levine ever accessed information unrelated to his work for TPG. In December 2014, Levine accessed certain information that did not relate to his "then-current work"—Plaintiffs' carefully chosen words—because TPG specifically instructed Levine to search company records for evidence of the work he performed and amount he was rightfully owed upon his departure from the firm. Given the timing of Plaintiffs' instructions, it is not surprising that Levine performed such searches during nonwork hours, or that Levine (who is Jewish) visited his office over the Christmas holidays (as he had in prior years as well).

Levine has returned all of Plaintiffs' property and information in his possession. He did not destroy or remove data from his laptop or Blackberry and trusts that Plaintiffs are preserving these devices in a manner that permits a forensic explanation of how and when the data was destroyed (if in fact it was). Levine also denies that he submitted fraudulent expense reports, a vague allegation that Plaintiffs asserted for the very first time in their second amended complaint.

Not only are Plaintiffs' allegations against Levine false, but Plaintiffs clearly have suffered no damages. Plaintiffs have yet to identify any confidential information that was actually disclosed, much less explain how any alleged disclosure in any way caused the "substantial, immediate, and irreparable harm" that Plaintiffs claim. Plaintiffs are therefore not entitled to any of the legal or equitable relief that they seek.

2. **Any challenge to jurisdiction or venue**

There are no pending jurisdictional or venue challenges in this action at this time. However, on April 2, 2015—more than two months after TPG filed the instant lawsuit—Levine filed a lawsuit against TPG Capital, L.P. and TPG Global, LLC in federal court in the Northern District of California regarding issues related to the termination of Levine's employment with

318447

4

TPG. Because TPG contends that this action also arises out of issues relating to the termination of Levine's employment, TPG intends to file a motion in the California district court seeking to dismiss Levine's claims or transfer them to this Court.

On April 2, 2015, Levine filed a motion to dismiss TPG's First Amended Complaint challenging the existence of both subject matter jurisdiction and personal jurisdiction for Levine in the State of Texas. On April 17, 2015, TPG filed its unopposed motion for leave to file its Second Amended Complaint, which added a federal cause of action under the Computer Fraud and Abuse Act ("CFAA"), and added further allegations to support personal jurisdiction. That same day, the Court signed an order granting leave. While Levine subsequently filed a motion to vacate that order, the Court denied that motion on April 27, 2015, essentially mooting Levine's original motion to dismiss.

On May 1, 2015, Levine filed a motion to dismiss TPG's Second Amended Complaint alleging a lack of subject matter jurisdiction because Levine claimed that TPG had not properly plead its CFAA claim and that the CFAA claim relies upon facts that were not alleged in the First Amended Complaint and did not exist at the inception of the lawsuit. On May 18, 2015, the Court denied Levine's motion to dismiss TPG's CFAA claim. Levine continues to maintain, however, that the Court lacks subject matter jurisdiction for the reasons briefed in the aforementioned motions.

3. **Any pending motions (including the dates of filing of motions and responses), an estimate of time needed to file any contemplated motions and a description of anticipated motions**

Currently pending before the Court is TPG's Motion for Preliminary Injunction, which was originally filed on February 3, 2015 before Levine had appeared in this matter.

There are no other motions pending at this time.

4. **Any matters which require a conference with the Court**

None at this time.

5. **Likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for joinder of such parties**

Plaintiffs and Levine do not currently anticipate joining any additional parties.

6. **Requested trial date, estimated length of trial, and whether jury has been demanded**

Plaintiffs request a trial date in February 2016 and estimate that approximately one week will be required for trial. Levine agrees to that trial date and estimate, but requests a two-week trial setting in August 2016 if Levine's claims against TPG, which are pending in the Northern District of California, are transferred to or otherwise made a part of this action. Plaintiffs have requested a jury trial, but hereby agree to waive trial by jury. Levine has demanded a jury trial.

7. **A report concerning the settlement conference and related settlement matters as contemplated by this order**

The parties conducted the face-to-face settlement conference required by the Court's May 1, 2015 Order. That settlement conference occurred on June 1, 2015 at the law office of Kelly Hart & Hallman LLP in Fort Worth, Texas. The following individuals attended the face-to-face settlement conference:

**For Plaintiffs**: (i) Clive Bode, a senior partner of TPG Global, LLC; (ii) Marc Kasowitz, as counsel for Plaintiffs; (iii) Constantine Z. Pamphilis, as attorney-in-charge for Plaintiffs; (iv) Lyn Agre, as counsel for Plaintiffs; (iv) Marshall M. Searcy, Jr., as counsel for Plaintiffs; and (v) Brian Garrett, as counsel for Plaintiffs.

**For Defendant**: (i) Adam Levine, individual defendant; (ii) Joseph Knight, as attorney-in-charge for Defendant; and (iii) James W. Morris, Jr., as counsel for Defendant.

Meaningful progress towards settlement was made by the Parties at the June 1, 2015 settlement meeting. The Parties have an agreement in principle to settle this action which

318447

6

includes the entry of an agreed permanent injunction as a final order. The parties are drafting a settlement agreement and an agreed permanent injunction.

8. **A discovery plan as contemplated by Rule 26(f)(3) of the Federal Rules of Civil Procedure**

   (A) **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosure were made or will be made:**

   The parties will make their Rule 26(a) disclosures on or before July 2, 2015. No other change is required to the timing, form, or requirement for disclosures.

   (B) **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

   The parties currently anticipate discovery will be needed to explore the factual allegations at issue in this lawsuit and to ascertain the qualifications of any experts the parties may designate.

   The Plaintiffs propose the following deadlines:

   | | |
   |---|---|
   | Close of Fact Discovery: | 10/02/2015 |
   | Designation of Experts and Expert Reports for Parties Seeking Affirmative Relief: | 10/16/2016 |
   | Designation of Rebuttal Experts and Rebuttal Expert Reports: | 11/20/2015 |
   | Close of Expert Discovery: | 01/08/2016 |

   Levine agrees to these deadlines but requests an additional six months on each deadline if Levine's claims against TPG, which are pending in the Northern District of California, are transferred to or otherwise made a part of this action.

   (C) **Any issues about disclosure or discovery of electronically stored information including the form or forms in which it should be produced:**

   None at this time.

(D) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order:

Because the subject matter of this lawsuit involves the alleged unauthorized access to, retention, manipulation, deletion and improper disclosure of TPG's confidential and proprietary information, and because the agreements that form the basis of this lawsuit include confidentiality provisions, Plaintiffs anticipate the need for protecting the confidentiality of documents to be produced in this case. Pursuant to the Court's order dated May 1, 2015, the parties believe that this can be accomplished through a confidentiality agreement between the parties.

(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:

The parties are not currently requesting any changes to the limitations on discovery set forth in the Federal Rules of Civil Procedure or the Local Rules of this Court.

(F) Any other orders that the court should issue under Rule 26(c) or under Rule 26(c) or under Rule 16(b) and (c):

None at this time.

9. Any other matters relevant to the status and disposition of this case

The parties are not currently aware of any such matters at this time.

Respectfully submitted,

Constantine Z. Pamphilis
State Bar No. 00794419
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
700 Louisiana Street
Suite 2200
Houston, TX 77002
Telephone: (713) 220-8800
Facsimile: (713) 222-0843

318447

dpamphilis@kasowitz.com

ATTORNEY-IN-CHARGE
FOR PLAINTIFFS

Marc E. Kasowitz
Admitted *Pro Hac Vice*
KASOWITZ, BENSON, TORRES &
 FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
mkasowitz@kasowitz.com

_/s/ Marshall Searcy_
Marshall M. Searcy, Jr.
State Bar No. 17955500
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 878-3512
Fax: (817) 878-9280
marshall.searcy@kellyhart.com

318447

Joseph R. Knight
State Bar No. 1601275
Law Office of Joseph R. Knight
111 Congress Ave., Suite 2800
Austin, TX 78701
Telephone: (512) 457-0231
Facsimile: (512) 684-7681
jknight@knighttxlaw.com

*/s/ James W. Morris, Jr.*
James W. Morris, Jr.
State Bar No. 14487600
MORRIS, SCHORSCH & STAPLETON PC
8080 N. Central Expressway, Suite 1300
Dallas, Texas 75206
Telephone: (214) 888-3324
Fax: (214) 888-3327
jmorris@msstxlaw.com

ATTORNEYS FOR DEFENDANT ADAM LEVINE

318447

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record by electronic service, on this the 2nd day of June, 2015.

                                                          /s/ Marshall M. Searcy
                                                       Marshall M. Searcy, Jr.