U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

**JUN 1 9 2015**

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TPG GLOBAL, LLC, a limited liability
company, et al.

       Plaintiff,

v.

ADAM LEVINE, an individual.

       Defendant.

Civil Action No.4:15-CV-00059-A

## ORDER FOR AGREED PERMANENT INJUNCTION

Came on for consideration the Joint Motion by Plaintiffs TPG Global, LLC, as assignee

of TPG Capital Management L.P. f/k/a TPG Capital, L.P., TPG VSC-A. L.P., TPG VSC-D, L.P.,

TSL Equity Partners, L.P., TOP Professionals II, L.P., TPG Management VI-A, L.P., TPG 2010

EPF, L.P., TPG EPF, L.P., TPG Global VSP, L.P., TPG Regional Program, L.P., and Tarrant

Advisors, Inc. (collectively, "TPG") and Defendant Adam Levine ("Levine") (together with

TPG, the "Parties"), setting forth that the Parties to this action have agreed on the bases for

(described below), and jointly request entry of, this Agreed Permanent Injunction:

Levine entered into agreements with TPG related to his employment which restricted

Levine's use of TPG's information resources and systems for TPG business purposes, which

required Levine to hold TPG's confidential and proprietary information in strict confidence and

to not disclose to any person or entity any Confidential Information in any manner whatsoever,

and upon TPG's written request, to further promptly return to TPG all documents, notes and

other tangible materials representing the Confidential Information and all electronic and hard

copies thereof.  Those agreements defined the term "confidential information" to include the types of documents and information covered by the definition of "TPG's Confidential and Proprietary Information" as described below.

On January 26, 2015, TPG filed the above-captioned lawsuit alleging, among other things, that Levine improperly accessed and disclosed TPG's confidential and proprietary information in violation of those agreements, that Levine converted and misappropriated TPG's confidential and proprietary information, that Levine breached his fiduciary duties, that Levine violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 and the Texas Theft Liability Act, and that such actions caused TPG to suffer irreparable injury.  On June 1, 2015, Levine filed an Answer denying these allegations, and the parties reached an agreement to resolve all disputes between them.

To effectuate their agreement, the Parties agree that: (i) TPG would suffer irreparable injury resulting from any breach by Levine of his confidentiality and nondisclosure agreements with TPG relating to any public disclosure of TPG's proprietary and confidential information and/or trade secrets; (ii) monetary damages would be inadequate to compensate that injury; (iii) the harm to TPG would outweigh any potential harm that Levine might suffer if a permanent injunction were granted; and (iv) it is in the public interest to prohibit improper disclosure and misappropriation of a party's confidential and proprietary information.  Additionally, the Parties agree that TPG would suffer irreparable injury unless Levine is restrained, and that TPG would have no adequate remedy at law.

For the reasons discussed,

The Court **ORDERS** that the Parties' joint motion for entry of the Agreed Permanent Injunction is hereby GRANTED; it is further,

**ORDERED** that pursuant to the agreement of the Parties and for the reasons specified in the Parties' joint motion for entry of the Agreed Permanent Injunction and in this Agreed Permanent Injunction, Levine, individually and on behalf of his agents, servants, employees, and attorneys, and those persons in active concert or participation with Levine, is hereby:

    (1)    permanently enjoined and restrained from possessing, disclosing, using, or exploiting TPG's Confidential and Proprietary Information;

    (2)    required to confirm in writing to TPG within ten (10) days of the date of this Order that he has returned all TPG property in his possession, whether original, duplicated, computerized, handwritten, or any other form whatsoever, including TPG's Confidential and Proprietary Information; and

    (3)    required to identify in writing to TPG within ten (10) days of the date of this Order anyone who is not currently employed by TPG to whom Levine has disclosed TPG's Confidential and Proprietary Information and must confirm that he has obtained the destruction or return to TPG of all such information from each such person.

It is further,

**ORDERED** that the term "TPG's Confidential and Proprietary Information" shall be defined to include nonpublic and proprietary information (whether oral or written) concerning the business, operations, assets and other matters of TPG, its affiliates, and its and their equity interest holders, founders, partners, employees, and other related persons and entities; the investment funds managed by TPG or its affiliates; the investors in such investment funds; the portfolio companies of such investment funds; any potential investments or targets being or which have been considered by TPG, its affiliates, such investment funds or such portfolio companies (including the fact that such consideration has or is taking place and such

3

investment's or target's names or other identifying information); certain information provided to

TPG by third-parties; and any and all reports, data, interpretations, forecasts, records, analysis,

compilations, studies, or other documents concerning any existing or contemplated transaction by

TPG, its affiliates and its and their equity interest holders, founders, partners, employees and

other related persons and entities.  It is further,

ORDERED that, notwithstanding anything to the contrary in this Agreed Permanent

Injunction, the Parties are expressly permitted to communicate and cooperate with the Securities

and Exchange Commission, or any other governmental agency or entity, or to make any other

disclosures that are protected under any federal, state or local law or regulation.  This provision is

not intended to waive or to authorize Levine to disclose communications with TPG's counsel

that are protected by the attorney-client privilege, attorney work product or similar privilege.  It is

further,

~~ORDERED that this Agreed Permanent Injunction shall continue in full force and effect~~

~~indefinitely, and the Court hereby retains continuing authority and exclusive jurisdiction to~~

~~enforce this Agreed Permanent Injunction.  It is further,~~

ORDERED that all claims for relief not otherwise granted herein are hereby dismissed

without prejudice as to the re-filing of same.  It is further,

ORDERED that each Party shall bear its own attorney's fees and costs incurred in this

action.

SIGNED June 19, 2015.

_____
JOHN McBRYDE
United States District Judge

4

APPROVED AS TO FORM AND CONTENT
AND REQUESTED FOR ENTRY:

Constantine Z. Pamphilis
State Bar No. 00794419
KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
700 Louisiana Street
Suite 2200
Houston, Texas 77002
Telephone:  (713) 220-8800
Facsimile:  (713) 222-0843
dpamphilis@kasowitz.com

ATTORNEY-IN-CHARGE
FOR PLAINTIFFS

Marc E. Kasowitz
Admitted *Pro Hac Vice*
KASOWITZ, BENSON, TORRES &
 FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1700
Facsimile:  (212) 506-1800
mkasowitz@kasowitz.com

Marshall M. Searcy, Jr.
State Bar No. 17955500
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 878-3512
Fax: (817) 878-9280
marshall.searcy@kellyhart.com

Joseph R. Knight
State Bar No. 11601275
Law Office of Joseph R. Knight
111 Congress Avenue, Suite 2800
Austin, Texas 78701
Telephone:  (512) 457-0231
Facsimile:  (512) 684-7681
jknight@knighttxlaw.com

ATTORNEY-IN-CHARGE
FOR DEFENDANT

James W. Morris, Jr.
State Bar No. 14487600
MORRIS, SCHORSCH &
   STAPLETON PC
8080 N. Central Expressway
Suite 1300
Dallas, Texas 75206
Telephone: (214) 888-3324
Fax: (214) 888-3327
jmorris@msstxlaw.com